**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1359-19T4

DAVID HOOK and MODERN
METHOD DEVELOPMENT,
INC.,

      Plaintiffs-Respondents,

      v.

BOHDAN SENYSZYN,

      Defendant-Appellant,

and

KELLY SENYSZYN, MODERN
METHOD TRUST, and MODERN
METHOD LEASING INC.,

      Defendants.

_____

Submitted on December 16, 2020 - Decided February 3, 2021

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0296-04.

Bohdan Senyszyn, appellant pro se.

Coughlin Duffy, LLP, attorneys for respondents (Jason A. Meisner, of counsel and on the brief; Joseph P. Fiteni, on the brief).

PER CURIAM

Defendant Bohdan Senyszyn appeals the trial court's October 25, 2019 order denying reconsideration of a September 13, 2019 order denying his motion to reinstate to the trial calendar his counterclaims[1] against plaintiffs David Hook and Modern Method Development. We dismiss the appeal.

The parties' dispute began some seventeen years ago. Because of their familiarity with the details of their litigation, we only set forth a brief summary of the procedural history that is relevant to this opinion.

In 2003, Senyszyn, who had assumed responsibility over real estate developer Hook's financials affairs, offered to lend Hook money for Hook's plan to purchase land in Hardyston Township. Senyszyn advised Hook that he purportedly lacked sufficient funds to purchase the property on his own. A year later, plaintiffs sued Senyszyn, his wife, Kelly, Modern Method Trust, and Modern Method Leasing, Inc., alleging fraud, rescission, conversion, forgery, and unjust enrichment. Counterclaims were filed in response.

---

[1] The record does not include Senyszyn's answer and counterclaims to plaintiffs' complaint, nor does it indicate what relief he seeks.

In 2005, Senyszyn was charged with federal crimes of tax fraud and related offenses stemming from his embezzlement of plaintiffs' funds. In the meantime, the civil litigation continued, resulting in a partial settlement agreement in March 2006. A March 5, 2007 consent order followed in which the parties agreed to binding arbitration of their outstanding disputes. However, Senyszyn's guilty plea in September 2007, resulted in a thirty-four-month prison term and delayed the civil litigation.

In September 2010, after the litigation was reactivated, another consent order was entered, in which the parties again agreed to arbitration. For reasons that are unclear in the record, arbitration did not occur, and in October 2017, plaintiffs sought to enforce the consent order to compel arbitration. In a November 17, 2017 order, the trial court compelled arbitration in accordance with the 2006 settlement agreement and the 2010 consent order.

Senyszyn subsequently became dissatisfied with arbitration and filed a motion to reinstate his counterclaims and have the litigation placed back on the trial list. The court's September 13, 2019 order and oral decision denied the motion.[2] Senyszyn sought reconsideration of the order.

---

[2] The record does not include a transcript of the decision.

A-1359-19T4

On October 25, 2019, the court entered an order and oral decision denying Senyszyn's motion for reconsideration. Applying the well-settled standard set forth in D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (1990), the court stated:

> A litigant should not [move for] reconsideration merely because of dissatisfaction with a decision of the[c]ourt. Reconsideration should only be utilized for those cases which fall into that narrow corridor in which either the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis or it's obvious that the Court either does not consider, or failed to appreciate the significance of probative, competent evidence.
>
> And it indicates that motion practice must come to an end at some point and if repetitive bites at the apple are allowed, the core will swiftly sour. The [c]ourt must be sensitive and scrupulous in its analysis of the issues in a motion for reconsideration.

The court determined Senyszyn was not acting in the spirit of the settlement agreement and consent orders requiring that the parties' dispute be resolved by arbitration.

Senyszyn agreed verbally before the court and signed the October 25 order stating he would not make any additional Superior Court filings until after the arbitrator's final decision. The order provided:

> By consent, the parties agree as follows: Mr. Senyszyn agrees to not file any claim, application, motion, complaint or other proceeding related to David Hook, Modern Method Development or the "Farmland Parcel"

A-1359-19T4

in any division or part of the Superior Court until after the issuance of a final decision in the arbitration proceeding pending before Robert Margulies, Esq.

In this appeal, Senyszyn argues the trial court erred by not conducting a full and fair trial on the issues he raised; namely, the motion to reconsider and, by extension, "the [p]redicate [m]otion," apparently referring to the underlying motion to reinstate his counterclaims and reinstate the matter to the trial calendar.[3] Senyszyn argues the court's decision ignored his legal arguments and lacked thoroughness. We need not address the merits of these arguments because the appeal is procedurally deficient.

First, the October 25 order provided that the parties agreed not to file any claim or motion "in any division or part of the Superior Court until after the issuance of a final decision" by the arbitrator. Senyszyn's appeal violates this order. Second, the underlying September 13 order and the October 25 order

---

[3] Senyszyn's notice of appeal seeks review only of the court's October 25, 2019 order denying his motion for reconsideration, not the September 13, 2019 motion to reinstate his claims. We could, therefore, limit our review to that order alone. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008); Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 461-62 (App. Div. 2002). Given Senyszyn's failure to provide a transcript of the court's September 13 decision, we are unable to fully examine the rationale of the decision. Nonetheless, the transcript of the October 25 decision sheds some light on the court's reasoning for its September 13 order.

A-1359-19T4

denying reconsideration were interlocutory–final judgment had not been entered because arbitration was still pending. Hence, Senyszyn was required to seek leave to appeal with our court within twenty days of the latter order.[4] R. 2:2-3(b). This was not done. Accordingly, the appeal is dismissed.

Nonetheless, even considering the merits of Senyszyn's appeal, we discern no reason to disturb the October 25 order. The court did not abuse its discretion in denying reconsideration. See D'Atria, 242 N.J. Super. at 401. There is no showing the court's decision was "palpably incorrect or irrational" or "that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid.

To the extent that any arguments raised by defendant have not been explicitly addressed in this opinion, it is because we are satisfied they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] According to the plantiffs' merits brief, a final arbitration award was issued in favor of plaintiffs on June 10, 2020. A motion to confirm the award is pending before the trial court.